UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON FAVOR-EL,

                Plaintiff,

-against-

JOHN AND/OR JANE DOES ET AL.,

                Defendants.

15-CV-9618 (LAP)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LORETTA A. PRESKA, Chief United States District Judge:

    Plaintiff, currently confined at California State Prison Corcoran, brings this action *pro se*. Plaintiff also filed an application to proceed *in forma pauperis* (IFP). Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See Favor v. Food and Drug Admin.*, No. 15-CV-7132 (C.D. Cal. Sept. 21, 2015. That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that Plaintiff is in imminent danger of serious physical injury.[1] Instead, Plaintiff seeks damages from an attorney who represented him more than a decade ago. Plaintiff is therefore barred from filing this action IFP.

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, to mail a copy of this order to Plaintiff, and to note service on the docket.  The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule, subject to reopening if Plaintiff pays the $400 filing fee within thirty days.  *See* 28 U.S.C. § 1915(g).[2]  Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[3]  *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:   December 10, 2015
         New York, New York

_Loretta A. Preska_
LORETTA A. PRESKA
Chief United States District Judge

---

[2] If Plaintiff commences a new action by paying the filing fee, that complaint will be subject to review under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court.  *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).